UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**NICHOLAS DOWD;**
**NOBLE SKY CORE LLC;**

**COMPLAINT**
**Index No.:**

Plaintiff(s),

-against-

**COUNTY OF NIAGARA;**
**KYLE R. ANDREWS IN HIS OFFICIAL CAPACITY**
**AS TREASURER FOR NIAGARA COUNTY,**

Defendant(s

---

Plaintiff(s), by and through their attorneys, David M. Giglio & Associates, LLC, , as and for a complaint, allege that:

## JURISDICTION AND VENUE

1. Plaintiff(s) **NICHOLAS DOWD** (hereinafter referred to as "plaintiff(s)") were or are residents of the County of **NIAGARA,** State of New York which is located in the Federal Court for the Western District of New York and the actions complained of herein occurred in the County of **NIAGARA,** State of New York which is situate in the Western District of New York.

2. Plaintiff(s) **NOBLE SKY CORE LLC** (hereinafter referred to as "plaintiff(s)") is a New York State limited liability company and formerly owned real property situate in the County of **NIAGARA,** State of New York which is located in the Federal Court for the Western District of New York and the actions complained of herein occurred in the County of **NIAGARA,** State of New York which is situate in the Western District of New York.

3. The Defendants, County of NIAGARA and **KYLE R. ANDREWS,** in his official capacity as Treasurer for the County of NIAGARA are located within the Western District of New York.

1

4. Venue is proper in the Western District of New York since all of the transactions giving rise to the claim occurred within the Western District.

5. The plaintiff(s) assert subject matter jurisdiction since these claims are brought pursuant to the United States Constitution 5th, 8th and 14th Amendments as well as 18 USC section 1983.

## GENERAL ALLEGATIONS

6. Upon information and belief, plaintiff **NICHOLAS DOWD** owned a property known as 5996 PEACH STREET situate in the Town of NEWFANE, County of NIAGARA which was sold at a NIAGARA County tax auction for a sum of $61,700.00 (Sixty One Thousand Seven Hundred Dollars) on or about July 6, 2022.

7. Upon information and belief, at the time of the tax auction **NICHOLAS DOWD** owed local property taxes and penalties in an amount of approximately $7,500.00 (Seven Thousand Five Hundred) for the property known as 5996 PEACH STREET at the time of the tax auction.

8. Upon information and belief, plaintiff **NOBLE SKY CORE LLC** owned a property known as 4612 MODEL CITY ROAD ("Noble Sky Property") situate in the Town of LEWISTON, County of NIAGARA which was sold at a NIAGARA County tax auction for a sum of $60,000.00 (Sixty Thousand Dollars) on or about June 20, 2023.

9. Upon information and belief, at the time of the tax auction **NOBLE SKY CORE LLC** owed local property taxes and penalties in an amount of approximately $11,000.00 (Eleven Thousand Dollar) for the property known as 4612 Model City Road at the time of the tax auction.

10. Upon information and belief, plaintiff **NOBLE SKY CORE LLC** owned a property known as 3609 LOCKPORT OLCOTT ROAD ("Noble Sky Property") situate in the Town of NEWFANE, County of NIAGARA which was sold at a NIAGARA County tax auction for a sum of $19,400.00 (Nineteen Thousand Four Hundred Dollars) on or about June 20, 2023.

11. Upon information and belief, at the time of the tax auction **NOBLE SKY CORE LLC** owed local property taxes and penalties in an amount of approximately $8,000.00 (Eight Thousand Dollar) for the property known as 3609 LOCKPORT OLCOTT ROAD at the time of the tax auction.

12. Upon information and belief, plaintiff **NOBLE SKY CORE LLC** owned a property known as 2918 LOCKPORT ROAD ("Noble Sky Property") situate in the Town of NEWFANE, County of NIAGARA which was sold at a NIAGARA County tax auction for a sum of $24,900.00 (Twenty Four Thousand Nine Hundred Dollars) on or about June 20, 2023.

13. Upon information and belief, at the time of the tax auction **NOBLE SKY CORE LLC** owed local property taxes and penalties in an amount of approximately $13,000.00 (Eleven Thousand Dollar) for the property known as 2918 LOCKPORT ROAD at the time of the tax auction.

14. Upon information and belief, plaintiff **NOBLE SKY CORE LLC** owned a property known as 3566 PALMER ROAD ("Noble Sky Property") situate in the Town of WILSON, County of NIAGARA which was sold at a NIAGARA County tax auction for a sum of $36,200.00 (Thirty Six Thousand Two Hundred Dollars) on or about June 20, 2023.

15. Upon information and belief, at the time of the tax auction **NOBLE SKY CORE LLC** owed local property taxes and penalties in an amount of approximately $13,000.00

(Thirteen Thousand Dollar) for the property known as 3566 PALMER ROAD at the time of the tax auction.

## COUNT I

## TAKING OF PRIVATE PROPERTY WITHOUT A VALID PUBLIC USE IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

16. Plaintiffs repeat and reallege each of the allegations contained in this complaint.

17. Defendants have violated the United States Constitution by taking private property from the plaintiff(s) without a valid public use.

18. The United States Constitution precludes the government of arbitrarily taking private property and keeping the equity thereof.

19. The United States Constitution Fifth Amendment dictates that private property may not be taken "for public use" without just compensation.

20. Valid public use occurs when the property is taken to satisfy the tax burden associated with the property. Where the excess equity is also seized, there is no longer valid public use within the meaning of the Fifth Amendment to the US Constitution.

21. The United States Constitution Fourteenth Amendment prohibits the states from violating the plaintiff(s) Fifth Amendment rights.

22. 42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **NICHOLAS DOWD** just compensation, or the equity from the tax auctions.

23. 42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **NOBLE SKY CORE LLC** just compensation, or the equity from the tax auctions.

## COUNT II

### TAKING OF PRIVATE PROPERTY WITHOUT JUST COMPENSATION IN VIOLATION OF THE UNITED STATES CONSTITUTION

24. Plaintiffs repeat and reallege each of the allegations contained in this complaint.

25. Defendants have violated the Fifth Amendment to the United States Constitution by taking private property from the plaintiff(s) without just compensation.

26. The United States Constitution precludes the government of arbitrarily taking private property and keeping the equity thereof.

27. The United States Constitution Fifth Amendment dictates that private property may not be taken without 'just compensation.'

28. Just compensation allows the government to retain the monies from the tax auction to satisfy the plaintiffs property tax debts, but does not allow the government to seize any surplus funds from the tax auction.

29. The amount of the tax auction for 5996 PEACH STREET was greater than the amount **NICHOLAS DOWD** owed in taxes and associated costs to the local government.

30. The amount of the tax auction for NOBLE SKY PROPERTIES was greater than the amount **NOBLE SKY CORE LLC** owed in taxes and associated costs to the local government.

31. The United States Constitution Fourteenth Amendment prohibits the states from violating the plaintiff(s) Fifth Amendment rights.

32. 42 USC 1983 prevents any person acting under the color of law from depriving any citizen of the United States their constitutional rights as guaranteed under the United States Constitution.

33. 42 USC 1983 thence directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff(s) just compensation, or the equity from the tax auction.

34. Plaintiff(s) **NICHOLAS DOWD** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties known as 5996 PEACH STREET and failed to pay just compensation for the same.

35. Plaintiff(s) **NOBLE SKY CORE LLC** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties known as NOBLE SKY PROPERTIES and failed to pay just compensation for the same.

## COUNT III

## TAKING OF PRIVATE PROPERTY WITHOUT A VALID PUBLIC USE AND IN VIOLATION OF THE FIFTH AMENDMENT TO THE NEW YORK STATE CONSTITUTION

36. Plaintiffs repeat and reallege each of the allegations contained in this complaint.

37. New York State Constitution Article 1 section 7 provides that private property shall not be taken for public use without just compensation.

38. Defendants have violated the New York State Constitution by taking private property from the plaintiff(s) without just compensation.

39. The New York State Constitution precludes the government of arbitrarily taking private property and keeping the equity thereof.

40. Valid public use occurs when the property is taken to satisfy the tax burden associated with the property. Where the excess equity is also seized, there is no longer valid public use within the meaning of the New York State Constitution.

41. By reason of the defendants violation of the plaintiff(s) rights under Article 1 Section 7 of the New York State Constitution, the Plaintiff(s), **NICHOLAS DOWD**, has been damaged and is entitled to relief as a result.

42. By reason of the defendants violation of the plaintiff(s) rights under Article 1 Section 7 of the New York State Constitution, the Plaintiff(s), **NOBLE SKY CORE LLC**, has been damaged and is entitled to relief as a result.

## COUNT IV

## DEFENDANTS ARE IN VIOLATION OF THE PLAINTIFF'S RIGHTS UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION

43. Plaintiffs repeat and reallege each of the allegations contained in this complaint.

44. United States Constitution Eighth Amendment provides that excessive fines shall not be imposed upon private citizens.

45. The defendants have confiscated the entire equity within each of the plaintiff(s) real property.

46. The defendants are entitled to seize plaintiff(s) property and sell the same to satisfy tax debts of the plaintiff(s).

47. The defendants are not entitled to keep any excess equity after having satisfied the tax debts and associated charges.

48. By confiscating the entire equity in the Plaintiff(s) real property the defendants Defendants have effectively imposed excessive fines upon the plaintiffs in violation of the the Eighth Amendment to the United States Constitution.

49. By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff, **NICHOLAS DOWD**, has been damaged and is entitled to relief as a result.

50. By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff, **NOBLE SKY CORE LLC**, has been damaged and is entitled to relief as a result.

## COUNT V

## DEFENDANTS ARE IN VIOLATION OF THE EXCESSIVE FINES CLAUSE OF THE NEW YORK STATE CONSTITUTION

51. Plaintiffs repeat and reallege each of the allegations contained in this complaint.

8

52. Article 5 Section 1 of the New York State Constitution provides that excessive fines shall not be imposed.

53. The defendants have confiscated the entire equity within the plaintiff(s) real property.

54. The defendants are entitled to seize plaintiff(s) property and sell the same to satisfy tax debts of the plaintiff(s).

55. The defendants are not entitled to keep any excess equity after having satisfied the plaintiff(s) tax debts and associated charges.

56. By confiscating the entire equity in the Plaintiff(s) real property the defendants Defendants have effectively imposed excessive fines upon the plaintiffs in violation of the New York State Constitution Article 1 Section 5.

57. By reason of the defendants violation of the plaintiffs rights under the New York State Constitution Article 1 Section 5, the plaintiffs have been damaged and are entitled to relief as a result.

58. By reason of the defendants violation of the excessive fines clause of Article 1 Section 5 of the New York State constitution, the plaintiff, **NICHOLAS DOWD**, has been damaged and is entitled to relief as a result.

59. By reason of the defendants violation of the excessive fines clause of Article 1 Section 5 of the New York State constitution, the plaintiff, **NOBLE SKY CORE LLC**, has been damaged and is entitled to relief as a result.

## COUNT VI

## DEFENDANTS HAVE BEEN UNJUSTLY ENRICHED BY THE SEIZURE OF PLAINTIFFS EQUITY IN THEIR REAL PROPERTY

60. Plaintiffs repeat and reallege each of the allegations contained in this complaint.

61. The defendants seized plaintiff(s) property in order to satisfy the plaintiff(s) tax debts on said property.

62. The defendants sold each of the plaintiffs property in an amount above and beyond the amount that the plaintiff owed the defendants for property tax debts and associated costs.

63. The defendants have known that the auctions amounts from said tax auctions exceeded the plaintiff(s) obligations to the defendants.

64. In spite of knowledge that there were surplus funds from said tax auctions, the defendants have confiscated the same, to the detriment of the plaintiffs, and have been unjustly enriched.

65. It is inequitable for the defendants to retain the equity from each property where the auctions price exceeded the plaintiff(s) tax obligations.

66. The plaintiffs have no remedy at law except as asserted in this complaint.

67. The plaintiff, **NICHOLAS DOWD**, has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at 5996 PEACH STREET and is entitled to relief as a result.

68. The plaintiff, **NOBLE SKY CORE LLC**, has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at NOBLE SKY PROPERTIES and is entitled to relief as a result.

## COUNT VII

## DEFENDANTS ARE IN VIOLATION OF SUBSTANTIVE DUE PROCESS UNDER THE UNITED STATES CONSTITUTION

69. Plaintiffs repeat and reallege each of the allegations contained in this complaint.

70. The United States Constitution Fifth Amendment provides that property shall not be taken without due process of law.

71. The defendants have retained the equity, or surplus proceeds, from tax auctions regarding each of the plaintiffs property.

72. The defendants have failed to provide a statutory or an administrative process for the plaintiffs to reclaim their equity in their respective properties.

73. The defendants have not offered to return the equity to the plaintiffs after seizing their properties to satisfy plaintiffs tax obligations.

74. In fact, the defendants are refusing to return the surplus proceeds to the plaintiffs in spite of plaintiffs demands for the return of the same.

75. The excess seizure is not rationally related to objective sought to be achieved, namely, the collection of delinquent taxes.

76. The cause of action is for violation of the United States Constitution is brought under the United States Constitution Fifth and Fourteenth Amendments.

77. By defendants actions in confiscating the entire equity in the Plaintiff, **NICHOLAS DOWD** real property at 5996 PEACH STREET, and not returning the equity to the plaintiff; in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity; and in refusing in all respects to return to the plaintiff his equity in his

real property, the plaintiff, **NICHOLAS DOWD**, has suffered damages and is entitled to relief.

78.     By defendants actions in confiscating the entire equity in the Plaintiff, **NOBLE SKY CORE LLC** real property at NOBLE SKY PROPERTIES, and not returning the equity to the plaintiff; in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity; and in refusing in all respects to return to the plaintiff his equity in his real property, the plaintiff, **NOBLE SKY CORE LLC**, has suffered damages and is entitled to relief.

## COUNT VIII

## DEFENDANTS ARE IN VIOLATION OF SUBSTANTIVE DUE PROCESS UNDER THE NEW YORK STATE CONSTITUTION

79.     Plaintiffs repeat and reallege each of the allegations contained in this complaint.

80.     The United States Constitution Fifth Amendment provides that property shall not be taken without due process of law.

81.     The defendants have retained the equity, or surplus proceeds, from tax auctions regarding plaintiffs property.

82.     The defendants have failed to provide a statutory or an administrative process for the plaintiffs to reclaim their equity in their respective properties.

83.     The defendants have not offered to return the equity to the plaintiffs after seizing their properties to satisfy plaintiffs tax obligations.

84. In fact, the defendants are refusing to return the surplus proceeds to the plaintiffs in spite of plaintiffs demands for the return of the same.

85. The excess seizure is not rationally related to objective sought to be achieved, namely, the collection of delinquent taxes.

86. By defendants actions in confiscating the entire equity in the Plaintiff(s) real property and not returning the equity to the plaintiffs; in not providing the plaintiffs with a statutory or an administrative procedure in which to recover the equity; and in refusing in all respects to return to the plaintiffs their equity in their real property, the plaintiff, **NICHOLAS DOWD** has suffered damages and is entitled to relief.

87. By defendants actions in confiscating the entire equity in the Plaintiff(s) real property and not returning the equity to the plaintiffs; in not providing the plaintiffs with a statutory or an administrative procedure in which to recover the equity; and in refusing in all respects to return to the plaintiffs their equity in their real property, the plaintiff, **NOBLE SKY CORE LLC** has suffered damages and is entitled to relief.

**WHEREFORE,** plaintiff, **NICHOLAS DOWD**, demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

**WHEREFORE,** plaintiff, **NOBLE SKY CORE LLC**, demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

DATED January 4 2024    DAVID M. GIGLIO & ASSOCIATES, LLC

By: _____
David M. Giglio & Associates, LLC
David M. Giglio
Attorneys for plaintiff(s)
13 Hopper Street
Utica, NY 13501
Tel. (315) 797-2854